UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


William J. Carey,
     Plaintiff

     v.                                    Civil No. 05-cv-010-SM
                                           Opinion No. 2006 DNH 051
Kristi L. Eglody,
     Defendant


                          **O R D E R**


     A single claim of malicious prosecution, arising from a criminal charge against plaintiff for attempted violation of a stalking order, prosecuted in the New Hampshire Superior Court (Crim. No. 03-S-1078), is all that remains in this case.  Before the court is defendant's second supplemental motion for summary judgment.  Plaintiff objects.


     "To succeed in an action for malicious prosecution, the plaintiff must prove that he was subjected to a criminal prosecution instituted by the defendant without probable cause and with malice, and that the criminal proceeding terminated in his favor."  Hogan v. Robert H. Irwin Motors, Inc., 121 N.H. 737, 739 (1981) (quoting Stock v. Byers, 120 N.H. 844, 845 (1980)) (internal quotation marks omitted).

The undisputed factual record in this case now establishes that defendant did not initiate the prosecution in Crim. No. 03-S-1078. Rather, the criminal investigation that eventually led to plaintiff's prosecution on that charge was based upon a report by plaintiff's own mother, Judith MacDonald. Because defendant did not institute the prosecution in Crim. No. 03-S-1078, she cannot, as a matter of law, be liable for malicious prosecution relative to the specified charge.

Accordingly, defendant's motion for summary judgment (document no. 72) is granted, thus rendering moot her motion to stay discovery (document no. 73) and her motion to strike (document no. 75). The clerk of the court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

April 28, 2006

cc:  William J. Carey, pro se
     Corey M. Belobrow, Esq.